IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN A. SMITH,  )
  )
    Plaintiff,  )
  )
-vs-  )  Civil Action No. 16-1280
  )
NANCY A. BERRYHILL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
  )
    Defendant.  )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

## **I.**    **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Administrative Law Judge ("ALJ"), Jeffrey P. LaVicka, held a hearing on October 30, 2014. (ECF No. 5-3). On November 18, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-2, pp. 20-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Consultative Examiner, Dr. Detore

Plaintiff argues that the ALJ erred failing to properly evaluate the consultative examining opinion, resulting in a finding not supported by substantial evidence. (ECF No. 10, pp. 11-13). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give

3

that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff argues that the ALJ failed to discuss parts of Dr. Detore's opinion that conflicted with his RFC. (ECF No. 10, p. 11). Specifically, Plaintiff asserts that the ALJ discussed Dr. Detore's opinion but fails to explain the weight he assigned to it. *Id.* Additionally, Plaintiff suggests that the ALJ erred in failing to mention Dr. Detore's opinion that "Plaintiff's PTSD symptoms may interfere with her consistency with work." (ECF No. 10, p. 12). As a result, Plaintiff submits that this court is unable to conduct a meaningful review such that remand is warranted. *Id.* at p. 13. After a review of the evidence, I disagree that remand is warranted.

There is no doubt that the ALJ failed to state the specific weight he gave Dr. Detore's opinion. (ECF No. 5-2, pp. 26-28). This is clearly not the preferred method of evaluating opinion evidence. It is acceptable for an ALJ to reject evidence, but he/she "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500,

4

505 (3d Cir. 2009). Thus, it is often problematic to fail to state the weight given to opinion evidence when an ALJ does not include the opinion regarding proffered limitations in the RFC. In this case, however, the evidence is clear that the ALJ gave, at least, some weight to the opinion of Dr. Detore when he included in the RFC the numerous limitations opined by Dr. Detore. (ECF No. 5-2, p. 26).

For example, Dr. Detore completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) and opined that Plaintiff had mild limitation in carrying out simple instructions, in her ability to make judgments on simple work-related decision and in understanding and remembering complex instructions. (ECF No. 5-9, p. 26). Additionally, Dr. Detore opined that Plaintiff was moderately limited in carrying out complex instructions and in the ability to make judgments on complex work-related decisions. *Id.* With regard to social interactions, Dr. Detore opined that Plaintiff was mildly limited in her interaction with the public, supervisors and co-workers. *Id.* at p. 27. Finally, Dr. Detore opined that Plaintiff is moderately limited in her ability to respond appropriately to usual work situations and to changes in a routine work setting. *Id.*

The ALJ found Plaintiff had the RFC to perform light work with the following relevant exceptions:

> …work is limited to simple, routine and repetitive tasks, requiring only simple decisions, with no fast-paced production requirements and few work place changes; with only occasional interaction with coworkers and supervisors and no interaction with the public.

(ECF No. 5-2, p. 26). As a result, the ALJ's RFC either met or was more restrictive than Dr. Detore's opinion. Thus, if there was any harm to the Plaintiff, by the ALJ failing to specifically state the weight he assigned to Dr. Detore's opinion, it was harmless since the ALJ did not reject Dr. Detore's opinions other than to make them more restrictive in favor of Plaintiff.

Furthermore, Plaintiff is incorrect in stating that the ALJ erred in failing to mention Dr. Detore's opinion that "Plaintiff's PTSD symptoms may interfere with her consistency with work."

5

(ECF No. 10, p. 12). This statement comes from the evaluation records and is not specifically opined by Dr. Detore within his medical source statement. *Compare,* ECF No. 5-9, pp. 26-28 *with* p. 32. Additionally, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). Consequently, I find no error on the part of the ALJ for not specifically addressing this sentence contained within Dr. Detore's evaluation records.

Based on the evidence of record, I am able to sufficiently discern the basis for the ALJ's opinion and I am able to conduct a meaningful review. I find that the ALJ's RFC is based on substantial evidence. Consequently, remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEAN A. SMITH, )
                )
      Plaintiff, )
                )
  -vs- )    Civil Action No. 16-1280
                )
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
                )
      Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 11th day of September, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

                                         BY THE COURT:

                                         s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.